UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SEADRIFT II, LLC,<br><br>          Plaintiff,<br><br>   vs.<br><br>SHAILENDRA SINGH; SUNITA SINGH,<br>DOES 1 TO 10 INCLUSIVE,<br><br>        Defendants. | Case No:  C 11-5823 SBA<br><br>**ORDER GRANTING MOTION TO REMAND AND GRANTING REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>Docket 9. |

On August 8, 2011, Plaintiff Seadrift II, LLC ("Plaintiff") filed an unlawful detainer action against Defendants Shailendra and Sunita Singh ("Defendants") in the Superior Court of the State of California, County of Alameda.  Compl., Dkt. 1.  Defendants, proceeding pro se, removed the action to this Court on the basis of federal question jurisdiction.  Notice of Removal, Dkt. 1.  The parties are presently before the Court on Plaintiff's motion to remand and request for attorneys' fees and costs.  Dkt. 9.  Defendants did not file an opposition or statement of non-opposition to the motion as required by Civil Local Rule 7-3(b).  Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the motion to remand and GRANTS the request for attorneys' fees and costs, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  <u>See</u> Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.    <u>BACKGROUND</u>

Plaintiff alleges that it is the owner of real property located at 3549 Miller Court, Union City, California, because it purchased the property at a Trustee's Sale following

foreclosure proceedings on July 15, 2011.  Compl. ¶¶ 4-5, Dkt. 1.  Plaintiff further alleges that Defendants, the former owners of the property, have occupied the property from July 15, 2011 to the present without Plaintiff's consent or authorization.  Id. ¶ 7.

On August 1, 2011, Plaintiff served Defendants with a Notice to Quit pursuant to California Code of Civil Procedure § 1161 et seq., demanding that Defendants quit and deliver possession of the property to Plaintiff within three days after service of the Notice. Compl. ¶ 8.  Defendants, however, have refused to vacate and deliver possession of the property.  Id. ¶¶ 8-9.

On August 8, 2011, Plaintiffs filed the instant unlawful detainer action against Defendants in the Superior Court of the State of California, County of Alameda.  See Compl.  On December 2, 2011, Defendants removed the action to this Court on the basis of federal question jurisdiction.  See Notice of Removal.  On December 16, 2011, Plaintiff filed the instant motion to remand.  Dkt. 9.

## II.  DISCUSSION

### A.  Legal Standard

"A defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court."  In re NOS Commc'nc, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007).  The bases for federal subject-matter jurisdiction are: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

"A motion to remand is the proper procedure for challenging removal."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure.  28 U.S.C. § 1447(c).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas, 553 F.3d at 1244.  As such,

any doubts regarding the propriety of the removal favors remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### B.    Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987).  The rule makes the plaintiff the master of his complaint; he or she may avoid federal jurisdiction by exclusive reliance on state law.  Id.; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

More specifically, the "arising under" qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-955 (9th Cir. 2009) (internal quotation marks omitted).  In other words, the federal law must be a "necessary element" of the state law claim.  Id.

Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of the plaintiff's allegations, and not by the effect attributed to those allegations by the adverse party.  Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

### C.    Motion to Remand

Plaintiff contends that remand is appropriate because the complaint does not allege a federal claim against Defendants.  The Court agrees.

The Court has reviewed Plaintiff's complaint and concludes that it does not contain a well-pleaded federal claim on its face against Defendants.  Plaintiff's complaint  is predicated on state law.  The complaint alleges a single cause of action for unlawful

1    detainer under California Code of Civil Procedure § 1161a.  An unlawful detainer action,

2    on its face, does not arise under federal law because such actions are "wholly created and

3    strictly controlled by statute in California."  Stephens, Partain & Cunningham v. Hollis, 196

4    Cal.App.3d 948, 952 (1987).  Further, Plaintiff's right to relief on the unlawful detainer

5    claim does not depend on the resolution of a substantial question of federal law.  Rather,

6    Plaintiff is entitled to judgment upon establishing that the sale of the property was

7    conducted in accordance with California Civil Code § 2924 and that title under such sale

8    was duly perfected.  Id. at 952-953.

9         Based on the Notice of Removal, it appears that Defendants intend to rely on federal

10   law to defend against the unlawful detainer action.  Specifically, Defendants' Notice of

11   Removal states that Plaintiff failed to comply with the Protecting Tenants at Foreclosure

12   Act, 12 U.S.C. § 5220.  Notice of Removal ¶¶ 8-10.  A federal defense, however, may not

13   be considered part of the pleadings for the purpose of determining whether a federal

14   question exists.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction

15   cannot be predicated on an actual or anticipated defense"); Provincial Gov't of Marinduque

16   v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (under the "well-pleaded

17   complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied

18   via a defense; rather, the federal question must 'be disclosed upon the face of the

19   complaint, unaided by the answer' "); ARCO Environmental Remediation, L.L.C. v. Dept.

20   of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th

21   Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims

22   for relief and not on anticipated defenses to those claims.").

23        Accordingly, because the complaint does not allege a federal claim or establish that

24   Plaintiff's right to relief necessarily depends on resolution of a substantial question of

25   federal law, and because Defendants' asserted violation of federal law is not a proper basis

26   for establishing federal question jurisdiction, Plaintiff's motion to remand is GRANTED.

27   Defendants failed to sustain their burden to demonstrate that removal is proper on the basis

28   of federal question jurisdiction, and therefore remand of this case is warranted.

**D.      Attorneys' Fees and Costs**

Plaintiff moves for an order requiring Defendants to reimburse it for the expenses incurred as a result of the improper removal.  Specifically, Plaintiff requests $350.00 for the preparation of the motion to remand.  Bankson Decl. ¶ 8, Dkt. 9.  Where a case is improperly removed, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court has "wide discretion" under §1447(c).  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, the Court finds that Defendants' Notice of Removal lacks an objectively reasonable basis for asserting federal question jurisdiction.  The law is clear that federal courts lack jurisdiction over unlawful detainer actions, and that federal jurisdiction cannot be predicated on a federal defense.  Further, given the suspect timing of Defendants' removal, coupled with Defendants' failure to file an opposition explaining their position with respect to the timing of and basis for removal, the Court finds that Defendants removed this action for the improper purpose of delaying the resolution of this case.

The instant unlawful detainer action was commenced on August 8, 2011.  Defendants, however, did not file their Notice of Removal until approximately four months later on December 2, 2011.[1]  According to Plaintiff, Defendants removed this action to delay the unlawful detainer proceedings.  Plaintiff states that in addition to filing their Notice of Removal three days before the summary judgment hearing scheduled for

_____

[1] Under 28 U.S.C. § 1446(b), Defendants' were required to file their Notice of Removal within thirty days after they received a copy of the initial pleading setting forth the claim for relief upon which this action is based.  See Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.").  Here, while it appears that Defendants' Notice of Removal was filed outside of the 30-day period, because Plaintiff did not move for remand on the basis that the Notice of Removal was untimely filed, the Court will not reach this issue.

December 5, 2011, Defendants previously filed a petition for bankruptcy in response to Plaintiff's motion for summary judgment, which resulted in the rescheduling of the summary judgment hearing from October 21, 2011 to December 5, 2011.[2]  Defendants, for their part, have not filed an opposition explaining their position, despite having ample opportunity to do so.  Under the circumstances, the Court concludes that an award of attorneys' fees and costs is appropriate.  Accordingly, Plaintiff's request for attorneys' fees and costs is GRANTED.

## III.   **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      Plaintiff's motion to remand is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), the instant action is remanded to the Superior Court of the State of California, County of Alameda.

2.      Plaintiff's request for attorneys' fees and costs is GRANTED in the amount of $350.00.

3.      This Order terminates Docket No. 9.

4.      The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 4/18/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The bankruptcy petition, which stayed the action, was dismissed on November 9, 2011.

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


SEADRIFT II, LLC et al,

            Plaintiff,

   v.

SINGH et al,

            Defendant.

_____/

                            Case Number: CV11-05823 SBA

                            **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Puneet Kaur Singh
Kimball Tirey & St. John
500 Ygnacio Valley Road
Suite 290
Walnut Creek, CA 94596

Shailendra Singh
354 Miller Court
Union City, CA 94587

Sunita Singh
354 Miller Court
Union City, CA 94587

Dated: April 18, 2012

                           Richard W. Wieking, Clerk

                               By: Lisa Clark, Deputy Clerk